## WEAVER *v.* McLEAN.

Opinion delivered December 22, 1919.

ARBITRATION AND AWARD—CONCURRENCE OF ARBITRATORS.—Where the parties to a boundary dispute agreed to submit the controversy to three surveyors, a party thereto will not be bound by a majority report, in the absence of express agreement thereto, notwithstanding Kirby's Digest, section 7821, authorizes a majority of three or more persons to do any act directed to be performed by them, as such statute applies only to statutory boards.

Appeal from Sharp Chancery Court, Northern District; *Lyman F. Reeder,* Chancellor; affirmed.

*C. E. Elmore,* for appellants.

1. The court erred in refusing to confirm the reports of Williams and that of McCaleb, the board of surveyors. Kirby's Digest, ch. 5; 36 Ark. 446-9; 44 *Id.* 166; 68 *Id.* 580; 76 *Id.* 153. This was an arbitration and settled the question. The boundary line as actually run and established by the surveyor general governs. 128 U. S. 691-7; 158 *Id.* 253; 197 *Id.* 510; 88 Ark. 48.

2. All the proof shows that all the fence belongs to Weaver. The court disregarded the field notes and based its decision on the survey of McCaleb, and there is no testimony corroborating McCaleb. Rev. St. U. S., § 2396, should be upheld, as the lines and corners were duly established. 88 Ark. 48; 128 U. S. 691-7.

*Arthur Sullivan,* for appellee.

1. The appeal should be dismissed, as the abstract does not comply with Rule 9.

2. No award was ever made that would bind the court. 2 R. C. L. 396; 5 C. J. 188; 20 N. E. 713. Kirby's Digest, section 7821, does not apply. The court properly set aside the award. 15 A. & E. Ann. Cas. 508-9. Only two of the arbitrators or surveyors ever participated and it was not concurred in by the absent member. 3 C. J., p. 96, note 53; 5 Enc. L. & Proc., p. 147, N. 3 and 148-9 and notes; 18 Fed. Cas. No. 10, p. 276; 44 Watts (Pa.) 75; 15 A. & E. Cas. 508-9; 97 Am. St. 310; 97 Ark. 193.

The decree shows that the chancellor adopted the testimony of Frye and McCaleb as establishing the true facts and the findings are clearly supported by a great preponderance of the evidence and should not be disturbed.

HUMPHREYS, J.   Appellants instituted suit against appellee in the Northern District of the chancery court of Sharp County, to enjoin appellee from joining his fence to their fence.   It was alleged in the complaint that appellants owned the east half of the southeast quarter of said section 2, and the appellee the northwest quarter of the southwest quarter of section 1, all in township 19 north, range 5 west; that the lands of the respective parties adjoined, and that appellee had wrongfully and unlawfully joined his fence to the fence of appellants, near their east line.

Appellee filed an answer, denying that the fence to which he had joined was on appellants's land; but alleged that it was on his own land, near the west line thereof.

The issue thus joined involved the location of the true line between the lands of said parties.  By consent of the parties, the court appointed a board of surveyors, consisting of W. D. Williams, John H. Davis and T. H. McCaleb, to locate the section line between sections 1 and 2, in township 19 north, range 5 west, which constituted the division line between appellants' lands lying in said section 1 and appellee's lands lying in section 2.

The board of surveyors attempted to locate the true line between the lands of said parties, but were unable to agree.   John H. Davis and W. D. Williams located and reported the true line as being a straight line between the southwest corner of section 1, township 19 north, range 5 west, and a point on township 19-20 north line 82.22 chains west of the northeast corner of said section 1.   T. H. McCaleb located and reported the true line as being a straight line between the southwest corner of section 1, township 19 north, range 5 west, and a point on the township 19-20 north line 83.32 chains west of the northeast corner of said section 1.

The cause was submitted to the court, upon the pleadings, conflicting reports of the surveyors and the evidence adduced in support of each survey, or location of the disputed line, from which it was found and decreed that the true line was a straight line between the southwest corner of said section 1 and a point on said township line 83.32 chains from the northeast corner of said section 1, which line intersects the division fence between the lands of said parties twenty-four rods south of appellee's northwest corner, leaving the north twenty-four rods of the fence on appellants' land, and the south fifty-six rods of said fence on appellee's land. From the decree, an appeal has been duly prosecuted to this court, and the cause is before us for trial *de novo*.

It is first insisted for reversal that appellee was bound by a majority report of the board of surveyors, appointed by consent, for the purpose of locating the true line between the lands of appellant and appellee. In support of this contention, appellants cite section 7821 of Kirby's Digest, which is as follows: "An authority conferred upon three or more persons may be exercised by a majority of them; and a majority of three or more persons may do any act directed to be performed by them." This section is not controlling, for the reason that it only applies to boards provided by the statutes of the State. It has no reference to boards appointed by the court with the consent of the parties to adjust matters of private nature between individuals. Nothing short of a unanimous report of the board, free from fraud, would be binding upon the parties. 5 C. J., p. 96, note 53; 5 Enc. of Law & Proc., p. 147, and note 3, and p. 449, and notes.

A majority report of such a board could only bind in case the contract or agreement had so provided. Nothing in this record indicates that such an agreement was made.

It is also insisted that the court erred in establishing the line between said sections 1 and 2, in accordance with the survey of T. H. McCaleb. We have read the testi-

mony with great care tending to support each survey, but, in stating our conclusions, deem it unnecessary to set the evidence out in detail. Suffice it to say that the surveyors who testified in the case agree upon the location of all the corners of said section 1 except the northwest corner thereof; that said northwest corner is 1.45 chains, west of the southwest corner of section 36, township 20 north, range 5 west. The correct location of the southwest corner of said section 36 will therefore determine the correct location of the northwest corner of said section 1. The southwest corner of said section 36 was established by Williams and McCaleb at different points on said township line. Neither located said corner in accordance with the measurements from the northeast corner of said section as shown by the Government field notes, but the corner of said section 36, as located by McCaleb, is in line with the south ⅛ corner and ¼ corner of sections 35 and 36, township 20 north, range 5 west, as discovered by a north line run from it, which necessarily proves that the southwest corner of said section 36, established by McCaleb, is correct. That being so, it follows that the correct location of the northwest corner of said section 1 is 1.45 chains west of the southwest corner of said section 36, as established by McCaleb. Williams did not run a tie line from the southwest corner of said section 36, as located by him, north to any present monument to prove its correctness. Therefore, the corners in dispute, established by him, are not correct.

No error appearing, the decree of the chancellor is affirmed.